UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINH DINH LE,<br>        Plaintiff,<br>    v.<br>STEVEN L. DURFOR, et al.,<br>        Defendants. | Case No. 18-cv-00969-JCS<br><br>**ORDER TO SHOW CAUSE** |

        Petitioner Minh Dinh Le is in the custody of the U.S. Immigration and Customs Enforcement ("ICE"). He is detained at the Yuba County Jail in Marysville, California. Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. Section 2241. Under 28 U.S.C. Section 2241, a district court may entertain a petition for a writ of habeas corpus if the petitioner is in "custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *Zadvydas v. Davis*, 533 U.S. 678, 678 (2001) ("Section 2241 habeas proceedings are available as a forum for statutory and constitutional challenges to post-removal-period detention."). Courts should "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

        Petitioner alleges that he is a native of Vietnam and that the Immigration Court in Arlington, Virginia ordered his removal from the United States on March 24, 2015. He further alleges that ICE has attempted to remove him to Vietnam, with his full cooperation, but that

Vietnam has not accepted him and that his detention is likely to be indefinite. Under *Zadvydas*, "an alien's post-removal-period detention [is limited] to a period reasonably necessary to bring about that alien's removal from the United States," and may not be indefinite. *Id*. at 689; *see also Nadarajah v. Gonzales*, 443 F.3d 1069, 1078 (9th Cir. 2006) ("[I]mmigration detention statutes do not authorize the Attorney General to incarcerate detainees for an indefinite period. Rather, . . . the statutes at issue permit detention only while removal remains reasonably foreseeable").

Petitioner raises the following claims for habeas corpus relief: (i) violation of the Immigration and Nationality Act, 8 U.S.C. Section 1231(a)(6), because Respondents lack statutory authority to detain Petitioner indefinitely; (ii) violation of Petitioner's right to substantive due process; and 3) violation of Petitioner's right to procedural due process. Liberally construed, the claims appear colorable under 28 U.S.C. § 2241 and merit an answer from Respondents.

For the foregoing reasons and for good cause shown:

1. The Clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto upon Respondents. The Clerk shall also serve a copy of this order on Petitioner.

2. Respondents shall file with the Court and serve on Petitioner, within **60 days** of the date of this Order, an answer showing why a writ of habeas corpus should not be issued. Respondents shall file with the answer and serve on Petitioner a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the petition.

3. If the Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondents within **30 days** of his receipt of the answer.

**IT IS SO ORDERED.**

Dated: March 6, 2018

JOSEPH C. SPERO
Chief Magistrate Judge